UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
GERARDO FLORES CARRETO,

        Petitioner,

  -against-                    **MEMORANDUM AND ORDER**
                                      13-CV-01564 (FB)
UNITED STATES OF AMERICA,

        Respondent.
---------------------------------------------------x

*Appearances:*
For the Petitioner:                    *For the Respondent:*
GERARDO FLORES CARRETO, *Pro Se*  LORETTA E. LYNCH, ESQ.
No. 70712-053                        United States Attorney
USP Atwater                             TARYN A. MERKL, ESQ.
1 Federal Way                          Assistant United States Attorney
P.O. Box 019001                      Eastern District of New York
Atwater, CA 95301                  271 Cadman Plaza East
                                              Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Petitioner Gerardo Flores Carreto ("Carreto") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, his petition is denied.

## I.

      Carreto was convicted of the following offenses: (1) conspiracy to commit sex trafficking; (2) sex trafficking; (3) attempted sex trafficking; (4) forced labor; (5) transportation in interstate or foreign commerce for the purposes of engaging in prostitution; (6) conspiracy to import aliens for immoral purposes; (7) importation of

aliens for immoral purposes; (8) alien smuggling; and (9) alien smuggling for financial gain. He was sentenced to 600 months' imprisonment. His sentence and conviction were affirmed on appeal. *See United States v. Carreto*, 583 F.3d 152 (2d Cir. 2009).

In his § 2255 motion, Carreto contends that his counsel, S. Michael Musa-Obregon ("Musa-Obregon"), was ineffective in the following respects: (1) inadequately counseling him during plea negotiations, and (2) failing to explain the sentencing consequences of his guilty plea.[1] Because he moves *pro se*, the Court must "read his supporting papers liberally [and] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

## II.

To prevail on his ineffective assistance of counsel claims, Carreto must satisfy the familiar *Strickland* test by showing "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[A] reviewing court must indulge a strong presumption that counsel's [performance] falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Prejudice is

---

[1] The government argues that Carreto's petition is untimely. The Court does not decide that issue because this matter is easily resolved on the merits. *See United States v. Doe*, 66 F. App'x 249, 252 (2d Cir. 2003) ("[B]ecause the merits of the petition are easily resolved, we look beyond the possible procedural default and address the merits.").

2

shown only if "there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003). Either *Strickland* requirement may be used to dispose of a claim. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.").

## III.

### A. Plea Negotiations

Carreto contends that Musa-Obregon provided inadequate counsel which led him to eschew a favorable plea offer. His vague and conclusory averments do not establish deficient performance. Moreover, he has not established prejudice.

Before trial, the government made a global plea offer. Carreto and his co-defendants Josue Carreto ("Josue Carreto") and Daniel Perez-Alonso ("Perez-Alonso") (collectively, "defendants") were required to plead guilty by February 18, 2005. On February 16, 2005, the Court held a conference to discuss plea negotiations. During this conference, Perez-Alonso stated he would not accept the offer. The Court noted that the government had "the absolute right to make [a] ... global plea offer" and that the case would proceed to trial if all defendants did not accept it. Hr'g. Tr. (Feb. 16, 2005) at 15. On February 17, 2005, the Court held another conference at which Josue Carreto and Perez-Alonso declared that they would not accept the offer. In response,

3

the government revoked the offer.

To show prejudice from ineffective assistance of counsel during plea negotiations, a defendant must "demonstrate a reasonable probability that the plea would have been entered without the prosecution canceling it...." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012); *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) ("[A] defendant must show that but for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)...."). Here, the government withdrew the plea offer due to the defendants' inability to coordinate a global agreement. Accordingly, assuming *arguendo* that Musa-Obregon was ineffective, Carreto cannot demonstrate prejudice.

**B.     Guilty Plea**

Carreto next argues that Musa-Obregon failed to inform him of the sentencing consequences of his plea and promised him a 13-year sentence. The record belies this claim. On April 5, 2005, all the defendants stated they wished to plead guilty to all charges and not proceed to trial. The Court explained that a guilty plea did not ensure a reduced sentence:

> The Court:  ... I will tell your client – all of the clients – that I'm not giving them any promises or guarantees; that the sentence might well be more strict than they would

| | |
|---|---|
| | hope it would be. Are they prepared to go forward with that understanding? |
| Del Valle: | ... They understand that. In fact, when we reviewed the allocution with our clients. We indicated whatever estimates we have given, whatever estimates the government has in fact given, the final sentence rests with your Honor. Your Honor is the only one who will decide what the sentence will be. |

\* \* \*

| | |
|---|---|
| The Court: | You have explained to your client that they may not fare any better if they go forward and plead to the entire indictment than if they were to take their chances at trial? |
| Musa-Obregon: | ... I have indeed gone over that information with him. |

Plea Tr. (Apr. 5, 2005) at 10-12. The Court then thoroughly reviewed the sentencing consequences of pleading guilty with each defendant. First, the Court read the government's *Pimentel* letter, which outlined the charges and estimated each defendants' sentencing range, into the record. The Court next explained the statutory penalties for each charge. The Court also determined each defendants' Guidelines calculation and confirmed they reviewed these calculations with counsel.

The Court ensured that Carreto's plea was not induced by the promise of a particular sentence:

| | |
|---|---|
| The Court: | Has anyone made any promises as to what your sentence will be? We discussed the sentences carefully here. I want to know if anyone made any promises to you as to what your sentence will be? |
| Carreto: | No. |

5

*Id.* at 71. The Court also made clear that it retained ultimate authority over sentencing:

> The Court: It is important for you to understand that the government has put forward their estimate, the estimate of what the sentencing could turn out to be, but I'm not bound by that. I may agree or disagree. I will make my own independent assessment. It may well be that the sentence may exceed the government's estimate; or it may well be it is less than the government's estimate. I cannot tell you at this particular time, but it is important for you to understand that that estimate is not chiseled in stone. That I, the judge, am responsible for making the sentence, and it is me, and only me who will determine what your sentence will be.

*Id.* at 64-65. On these facts, Carreto cannot maintain that he did not understand the sentencing consequences of his guilty plea.

## IV.

For the foregoing reasons, Carreto's motion to vacate, set aside, or correct his sentence pursuant to § 2255 is denied. As Carreto has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 9, 2014